UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE E. NEWBERRY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>N. BARRERAS, M.D., *et al.,*<br><br>　　　　Defendants. | Civil No. 08cv552 L (PCL)<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT [doc. #21]; and DISMISSING THIS ACTION WITH PREJUDICE** |

　　Plaintiff Theodore E. Newberry filed a *pro se* complaint under 42 U.S.C. § 1983 that alleged defendants violated his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment for deliberately ignoring plaintiff's medical needs and pain. The matter was referred to United States Magistrate Judge Peter C. Lewis, for a Report and Recommendation ("Report"). *See* 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. The Court adopted the Report in its entirety, dismissed the complaint, and granted plaintiff leave to file an amended complaint. Plaintiff was advised that if he intended "to prosecute this action, the amended complaint shall be filed and served on opposing counsel no later than February 6, 2009." (Order filed January 9, 2009 [doc. #18].)

　　On January 26, 2009, the Court received and filed plaintiff's "Notice and Request for Enlargement of Time to File His Amended Complaint." In reviewing plaintiff's request for enlargement of time, the Court noted certain discrepancies. First, the postmark on the envelope

1 containing plaintiff's request shows that it was "generated from Centinela State Prison" and has
2 a mailing date of January 23, 2009.  As noted above, plaintiff's request was filed with the Clerk
3 of the Court on January 26, 2009.  But plaintiff's request is dated, February 1, 2009 – a date that
4 had not yet occurred.  The Court was also troubled that the certificate of service shows the
5 February 1, 2009 date:

> On **FEBRUARY 1st, 2009,** I served the attached: **PLAINTIFF'S NOTICE AND REQUEST FOR ENLARGEMENT OF TIME TO FILE HIS AMENDED COMPLAINT**
>
> Each envelope was then handed to an officer at the prison, and processed in accordance with the prison's practice for deposit with the United States Postal Service . . . . . . .
>
> I, **Charles Jones,** declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed On **February 1st, 2009,** at Imperial California.

12 (Declaration of Service by U.S. Mail. (emphasis in original))  Charles Jones, CDCR # C-32991,
13 signed the declaration.

14      The Court concluded that plaintiff's signature on the request for enlargement of time and
15 Charles Jones's signature on the declaration of service were not signed and could not have been
16 signed on Sunday, February 1, 2009.   As a result of this clear falsity, the Court ordered plaintiff
17 to file a statement of good cause why this action should not be dismissed with prejudice.
18 Plaintiff's statement of good cause was to be filed under penalty of perjury and was to include an
19 explanation of how his request and Charles Jones's declaration could be dated February 1, 2009,
20 and yet mailed by Centinela State Prison on January 23, 2009, and received by the Clerk of the
21 Court on January 26, 2009.

22      On February 11, 2009, plaintiff submitted his response, which was made under penalty of
23 perjury, to the order to show cause.  In his response, plaintiff states that in requesting an
24 extension of time to file an amended complaint, he would need assistance in preparing such a
25 pleading and  to obtain such help, additional time would be required.  Apparently, plaintiff had
26 decided to seek the aid of a fellow inmate, Charles Jones, in preparing the motion for an
27 extension of time.  For reasons unknown, Mr. Jones told plaintiff "not to mail the notice and
28 request for enlargement of time until February 1, 2009." (Response to OCS at 1-2.)

1  Nevertheless, plaintiff immediately mailed the request on January 23, 2009 because his "only
2  concern was to make sure that, my request for an enlargement of time was filed with the court
3  and served upon the office of the Attorney General before the deadline date of February 6,
4  2009." *Id.* at 2.

5  The Court is ordinarily sympathetic to the difficulties facing a *pro se* plaintiff's need to
6  meet deadlines and will accommodate scheduling problems, but in this case, plaintiff has offered
7  no explanation for or acknowledgment of his lack of honesty to the Court.  Given plaintiff's
8  blatant misrepresentation of the truth, the Court finds and concludes that an extension of time to
9  file an amended complaint is unwarranted.

10  Based on the foregoing, plaintiff's motion for an extension of time to file an amended
11  complaint is **DENIED**.  The Court's previously granted motion to dismiss was without
12  prejudice.  Because of plaintiff's misrepresentation to the Court and the denial of plaintiff's
13  request for an extension of time to file an amended complaint, this action is dismissed with
14  prejudice.  The Clerk of the Court is directed to enter judgment in accordance with this Order.

15  **IT IS SO ORDERED.**

16  DATED: April 1, 2009

17  _____
    M. James Lorenz
18  United States District Court Judge

19  COPY TO:

20  HON. PETER C. LEWIS
    UNITED STATES MAGISTRATE JUDGE
21

22  ALL PARTIES/COUNSEL